JELINEK, Respondent, vs. BAER, imp., Appellant.

*April 11—April 29, 1913.*

*Justices' courts: Pleading: "Instrument for the payment of money only:" Contracts: Validity: Uncertainty: "Stock" in partnership: Surplusage: Acceptance: Performance: Mutual covenants.*

1. Although a written contract containing a promise by defendant to pay a definite sum of money to plaintiff on or before a date named contains also a statement of the consideration therefor and other promises, yet in an action in justice's court founded solely upon the promise first mentioned it may be deemed an "instrument for the payment of money only," within the meaning of sub. 9, sec. 3626, Stats.; and the complaint in such action, setting out the contract and alleging that defendant is indebted thereon to plaintiff in the said sum with interest from the date named, is sufficient.

2. Delivery of such contract to plaintiff's agent, thence to plaintiff, and retention thereof by the latter and his bringing suit thereon constituted a sufficient acceptance by plaintiff, although the instrument was not signed by him.

3. A written contract is not void for uncertainty when its provisions can be explained and rendered certain by competent evidence; nor is it rendered void by surplusage.   So *held* as to a

contract by which one party releases to a corporation all his interest and all his shares of stock in a certain company (which was in fact an unincorporated association or partnership having some sort of articles specifying a capital of 350 shares, of which said party owned 190) and *"consigns"* to said corporation *"all legal duties* and privileges incident to said 190 shares of stock."

4. Where a contract by which defendant agreed to pay a certain sum of money to plaintiff by a certain date contained no express covenants on the part of plaintiff, but a present release and assignment of certain so-called shares of stock, the rule of mutually dependent covenants has no application, and failure of plaintiff to deliver a further release and assignment, even assuming that defendant was entitled thereto, would not, in the absence of proof that defendant was damaged by such failure, defeat plaintiff's recovery upon defendant's promise to pay.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

*Lewis J. Somers,* for the appellant, to the point that the instrument set forth in the complaint is not an "instrument for the payment of money only," cited, among other cases, *Hankinson v. Page,* 31 Fed. 184, 19 Abb. N. C. 274, 278; *Kratzenstein v. Lehman,* 19 App. Div. 228, 46 N. Y. Supp. 71; *Alder v. Bloomingdale,* 1 Duer, 601; *Veeder v. Lima,* 11 Wis. 419; *Strank v. Smith,* 36 Wis. 631; *Coe v. Straus,* 11 Wis. 72; *Carrington v. Bayley,* 43 Wis. 507; *Taylor v. Coon,* 79 Wis. 76, 48 N. W. 123.

*Charles N. Brown,* for the respondent.

TIMLIN, J. This action was commenced in justice's court, and the complaint there averred that the defendants were indebted to plaintiff in the sum of $120 with interest upon a written contract, a copy of which is as follows:

"We, the undersigned, do this day consent and agree to pay to *Mr. Benjamin Jelinek,* his successors or assigns, on or before the 21st day of June, A. D. 1911, the sum of one hundred and twenty dollars ($120), for which the aforesaid *Mr. Jelinek* releases all his interest and all of his one hundred and ninety (190) shares of stock in the Student Farmer Pub-

lishing Company to the Country Magazine Publishing Company, and consigns to said Country Magazine Company all legal duties and privileges incident to said 190 shares of stock. We, the undersigned, further agree upon this the fifteenth day of May, A. D. 1911, and hereafter to relieve said *Mr. Jelinek*, his successors or assigns, of any or all obligations of the Student Farmer Publishing Company and the Country Magazine Publishing Company following the balance as shown upon the books under the date of April first, A. D. 1911, and thereafter. We, the undersigned, upon this fifteenth day of May, A. D. 1911, acquiring all assets of Student Farmer Publishing Company and all liabilities of aforesaid Country Magazine Publishing Company and Student Farmer Publishing Company, following aforesaid balance of April first.                    "R. P. BEAN.
                                              "A. C. BAER."

The defendant Bean was not served with process. The defendant *Baer* defaulted in justice's court and judgment went for the plaintiff, and from this judgment *Baer* appealed to the circuit court, where his demurrer to the said complaint was overruled. He then answered a general denial, charged fraudulent representations relied upon by him which induced him to enter into the contract, failure of the plaintiff to perform by turning over a certain typewriting machine to the Country Magazine Publishing Company, counterclaim for $50 for this machine, and other matters. After hearing evidence the court directed a verdict for the plaintiff. In response to the contentions of the learned counsel for appellant in criticism of the proceeding below, we say:

(1) The complaint is sufficient under sub. 9 of sec. 3626, Stats. In the interpretation of this statute it must be kept in mind that the object of pleading is to apprise the opposite party of the pleader's claim and that pleadings in justices' courts may be quite informal. The plaintiff's action is founded upon the promise to pay $120, and there is no claim by the plaintiff to recover upon any other promise contained in the writing. The words "written instrument for the pay-

ment of money only" may well have a different scope and effect in other statutes relating to a different subject matter.

(2) Delivery of this instrument to plaintiff's agent, thence to plaintiff, and retention thereof by the latter and his bringing suit thereon constituted a sufficient acceptance by plaintiff.

(3) There is no such uncertainty in the writing as to render it void. *"Certum est quod certum reddi potest."* It was shown that the Student Farmer Publishing Company was a corporation in which respondent was a shareholder, which had been dissolved in 1909, but was continued as an unincorporated association or partnership under the same name and under some kind of articles, which specified a capital of 350 shares of $1 each, and the respondent owned 190 of these shares; that the corporation and the succeeding association were engaged in publishing an agricultural journal called the Student Farmer. The name of this journal was changed to "The Wisconsin Country Magazine," and the "Wisconsin Country Magazine Publishing Company" was incorporated and continued the publication. The journal, its management and ownership, was an enterprise of persons connected with the agricultural department of the State University, and all the parties were concerned in this publication. The instrument contains a present release to the last mentioned corporation of all the interest of the respondent in an unincorporated association, and "consigns" (assigns?) to the latter the "legal duties" and privileges incident to said 190 shares of stock. There is no express covenant on the part of the respondent. He has released and assigned, and the appellant has all he bargained for in this respect. True, respondent has assigned and released not only his interest and privileges, but also his "legal duties." This concept must be in the very vanguard of advanced thought. Most people would gladly relieve themselves of their debts and other legal duties could they do so by assigning such obligations to a cor-

poration. Were it possible to so empower them by an amendment to the constitution, or a statute, we would no doubt have the amendment or the statute. But legal duties of the assignor cannot be assigned or even consigned. So this provision of the contract is impotent for good. An audacious mind might from this provision of the contract venture to think that those who are erudite as editors and agriculturists might not be learned in the law. But it is not otherwise harmful. These traits identify it as surplusage. *"Surplus-agium non nocet; utile per inutile non vitiatur"* say the "musty precedents." Hence these words cannot be held to make the remainder of the instrument void for uncertainty. Within these old rules, approved by modern reason, the contract is sufficiently definite for enforcement.

(4) The defense of misrepresentation was not at all made out. It transpires that the representation was made by the other defendant to the appellant, and it was quite immaterial and resulted in no pecuniary loss to the appellant so far as shown.

(5) The contract containing no express covenants on the part of respondent, but a present release and assignment, the rule of mutually dependent covenants has of course no application, and if the appellant has been in any degree damaged by the failure of the respondent to execute and deliver a further release and assignment to the corporation, even assuming he was entitled to it, such damage has not been proven.

*By the Court.*—Judgment affirmed.